THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT NORTON, Appellant.

First Department, March 14, 1972.

*Alvin Geller* (*Lawrence Stern* with him on the brief), for appellant.

*Steven J. Phillips* of counsel (*Burton B. Roberts,* District Attorney), for respondent.

*Per Curiam.* Defendant was convicted after trial before a jury of criminal possession and selling of a dangerous drug. A motion for the suppression of evidence was denied. The case went to trial. The jury was selected. Defendant was represented by the same attorney who had represented him on the motion to suppress. After the selection of the jury, the defendant personally moved for permission to select another attorney. After a hearing, the application was denied. The case proceeded. The defendant stood mute. His attorney was present throughout. The appeal is from the denial of the suppression as well as the judgment of conviction.

The suppression application challenges as invalid the arrest made without a warrant and the search incident to the arrest disclosing a substantial quantity of narcotics. There is sufficient evidence to support probable cause for the arrest. Surveillance of the defendant led to his ground floor apartment at 820 Boynton Avenue, Bronx. Three police officers observed within less than an hour, on separate occasions, two males knock at the door, enter the apartment and depart within a short time. Thereafter, one of the officers entered the lobby of the apartment house for the purpose of getting information in aid of a search warrant. The said officer then observed another male person, one Isaacs, enter the building and ring the apartment bell of defendant. In response, defendant opened the door and conversed with Isaacs briefly in the doorway. Defendant then closed the door leaving Isaacs standing in the doorway, and shortly reappeared. The officer observed money passing from Isaacs to the defendant, who then passed brown paper envelopes to Isaacs. The officer who was a short distance away from the open door proceeded toward it. As he did so, Isaacs attempted to flee from the building. The defendant proceeded to shut the door of his apartment but the officer succeeded in forcing the door open and, after identifying himself as an officer, arrested the defendant. At that time, in plain view of the officer were the narcotics and paraphernalia therefor on the kitchen table. Isaacs was intercepted by another officer and also arrested.

The defendant testified at the suppression hearing. A number of witnesses testified in his behalf. The substance of the defendant's case with regard to the suppression hearing is that he was arrested on the street, his apartment keys taken from his person and the apartment opened and searched without his consent. The defense presented an issue of credibility as to the testimony

respecting arrest and search which was resolved against the defendant. The testimony of the officers supports the finding of probable cause. *People* v. *Corrado* (22 N Y 2d 308), cited in the dissent, did not involve the passage of money or an attempt to escape and, on the facts, is inapplicable.

Defendant's claim regarding deprivation of counsel on the trial of the indictment is without substance. He retained one Geller, an attorney. Apparently Geller was otherwise engaged at the time the suppression hearing was had. Geller's associate, Rubin, interviewed the defendant and with defendant's consent represented him at the suppression hearing. The suppression hearing began April 21, 1971 and continued three days. The record thereof demonstrates the defendant was well represented.

The trial of the indictment commenced May 24, 1971. The jury was selected by Mr. Rubin. The defendant participated in the selection of the jury. Mr. Rubin was thoroughly familiar with the facts of the case and there was no indication of any dissatisfaction until after the selection of the jury. Mr. Rubin, in addition, entered a challenge to the panel as unrepresentative of the population of Bronx County. Both on the motion to suppress and the trial of the indictment Mr. Rubin moved for daily transcripts of the proceedings on the ground that defendant and his family were financially destitute.

On the second day of the trial of the indictment, May 25, 1971, after the jury had been selected to the satisfaction of the defendant and the People, the defendant for the first time moved for leave to change his attorney. Despite his prior plea of poverty, including his family, the defendant claimed his family had made tentative arrangements for other representation. However, defendant admitted he had not spoken with the other attorney. The sole reason assigned by defendant for the change was general dissatisfaction with the negotiations for a plea conducted by Mr. Rubin in his behalf.

The court offered the defendant three alternatives: (1) to continue representation by Rubin; (2) to conduct his defense with Rubin present for consultation; or (3) to conduct his own defense. Throughout the trial the court carefully advised the defendant of his rights and Mr. Rubin was present and available to the defendant.

It would appear from this record that the defendant was of the opinion the evidence against him was too conclusive to admit of any defense, and that the application to substitute trial

counsel was a delaying tactic, since he is represented on this appeal by Mr. Rubin's associate, Mr. Geller.

The judgment should be affirmed.

MURPHY, J. (dissenting). Even if we credit the police officers' version of what occurred during the early morning hours of October 18, 1970, there was no probable cause for the arrest.

In such connection, it may be parenthetically noted that the People, in objecting at the suppression hearing to any questions regarding the identity of the informant, stipulated that "the arrest here is predicated on a sale and not on a search".

To support the arrest, the police officers testified that they kept defendant's first floor apartment under observation and saw him receive three visitors during the evening in question. The last visitor, one Charles Isaacs (also later arrested) was seen giving defendant money in exchange for two brown envelopes which the observing officer "believe[d] contained a narcotic drug". He thereupon started to walk toward both men when "Isaacs broke and ran from the doorway and [he] placed [defendant] under arrest for sale of narcotics."

Under the circumstances here presented, this case is indistinguishable from *People* v. *Corrado* (22 N Y 2d 308); and the independent observations of the police officers were insufficient to support a finding of probable cause for the arrest. (*People* v. *Horowitz*, 21 N Y 2d 55.)

The fact that the testifying police officers were especially trained in narcotics detection does not raise the level of inference from suspicion to probable cause: "The logical and practical problem is that even accepting ungrudgingly, as one should, the police officer's expertness in detecting a pattern of conduct characteristic of a particular criminal activity, the detected pattern, being only the superficial part of a sequence, does not provide probable cause for arrest if the same sketchy pattern occurs just as frequently or even more frequently in innocent transactions. The point is that the pattern is equivocal and is neither uniquely nor generally associated with criminal conduct, and unless it is there is no probable cause." (*People* v. *Brown*, 24 N Y 2d 421, 424.)

The alleged flight of Isaacs (who was not then a known drug user) and defendant's attempt to close his apartment door "as the officer approached presents no stronger basis for suspecting that criminal activity was afoot." (*People* v. *Verrechio*, 23 N Y 2d 489.)

Accordingly, the judgment appealed from should be reversed, the motion to suppress granted and the indictment dismissed.

Moreover, and in any event, the judgment should be reversed and a new trial granted. On the record before us, the trial court's refusal to grant defendant a reasonable opportunity to obtain a new attorney effectively deprived him of trial counsel of his own choosing. (*People* v. *Page*, 17 A D 2d 782; *People* v. *Walker*, 29 A D 2d 973; *People* v. *Diker*, 34 A D 2d 798.)

STEVENS, P. J., McGIVERN, MARKEWICH and McNALLY, JJ., concur in *Per Curiam* opinion; MURPHY, J., dissents in an opinion.

Judgment, Supreme Court, Bronx County, rendered on July 8, 1971, affirmed.